**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-03490-KMT

**MARGARET JENKS, Individually and on Behalf**
**of All Others Similarly Situated,**

       Plaintiff,

v.

**ENT CREDIT UNION,**

       Defendant.

---

AMENDED COMPLAINT—COLLECTIVE AND CLASS ACTION

---

Plaintiff MARGARET JENKS, on behalf of herself and on behalf of all others similarly situated, alleges against Defendant ENT CREDIT UNION, as follows:

**I.       PRELIMINARY STATEMENT**

1.       This collective and class action seeks relief from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), and the Colorado Wage Claim Act, Colo. Rev. Stat. Ann. § 8-4-109.

2.       Defendant ENT CREDIT UNION, is a Colorado credit union with about 400,000 members and more than 40 service centers.[1] Defendant has $7,131,122,152 in assets as of September 2020.[2]

---

[1] See Defendant's website: https://www.ent.com/about-us/who-we-are/history/ (Last Accessed November 2, 2020).
[2] See Defendant's website: https://www.ent.com/about-us/who-we-are/our-financials/ (Last Accessed November 2, 2020).

3.      Defendant is a member of CO-OP's ATM and Shared Branching network, offering Defendant's members access to more than 5,400 Shared Branch locations and nearly 30,000 surcharge-free ATMs in all 50 states.[3]

4.      Defendant employs Representatives, whose primary duty is handling incoming and outgoing calls to Defendant's members.

5.      In order to perform their jobs, Defendant's Representatives are required to boot up their computers, log into several computer programs and applications, and read and respond to e-mails, among other tasks, before the start of their scheduled shifts.

6.      In order to perform their jobs, Defendant's Representatives are required to close/shut down all their computer programs and systems after the end of their scheduled shifts.

7.      Defendant has at all relevant times maintained, and continues to maintain, a common policy of failing to pay Representatives for the time they spend performing pre-shift, mid-shift, and post-shift activities, all of which directly benefit Defendant and are essential to their responsibilities as Representatives.

8.      Specifically, Defendant makes it Representatives work but prohibits them from clocking in prior to the start of their scheduled shifts and/or clocking out past the end of their scheduled shifts, and from being clocked in during their sixty (60) minute meal period, unless that time has been offered to them and approved by management as overtime.

9.      Because Representatives must boot up their computers and log into several computer programs and applications prior to the start of their scheduled shift, log out/shut down

---

[3] See Defendant's website: https://www.ent.com/our-locations/co-op-shared-branch-and-atm-network/ (Last Accessed February 16, 2021).

all their computer systems and programs at the end of their scheduled shift, and constantly keep up with e-mails, Defendant's rule compels them to perform these activities ***before*** clocking into or ***after*** clocking out of Defendant's timekeeping system.

       10.     The U.S. Department of Labor recognizes that call center jobs, like those held by Defendant's Representatives, are homogenous and it issued Fact Sheet #64 in July 2008 to alert call center employees to some of the abuses which are prevalent in the industry. One of those abuses, which is occurring in this case, is an employer's refusal to pay for work "from the beginning of the first principal activity of the workday to the end of the last principal activity of the workday." Fact Sheet #64 at p. 2. The Department of Labor's Fact Sheet #64 specifically condemns an employer's non-payment of an employee's necessary pre-shift activities: "An example of the first principal activity of the day for agents/specialists/representatives working in call centers includes starting the computer to download work instructions, computer applications and work-related emails." Additionally, the FLSA requires that "[a] daily or weekly record of all hours worked, including time spent in pre-shift and post-shift job-related activities must be kept." *Id*.

       11.     Defendant knew or could have easily determined how long it took for its Representatives to complete the pre-shift, mid-shift, and post-shift work and Defendant could have properly compensated Plaintiff and the Class for the work they performed, but did not.

       12.     Because Representatives typically work at least 40 hours per week, Defendant's failure to pay them for pre-shift, mid-shift, and post-shift time violates the FLSA's overtime requirements, which mandates that employees be paid for each hour worked in excess of 40 in a workweek at a rate not less than 1.5 their regular rate of pay.

13.     Defendant's unlawful pay policies are in violation of the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), and the Colorado Wage Claim Act, Colo. Rev. Stat. Ann. § 8-4-109.

14.     The FLSA Collective is made of all persons who work or worked for Defendant as Representatives and any other employees performing the same or similar duties for Defendant, within the United States, at any time from three years prior to the filing of this Complaint to the final disposition of this case.

15.     The Colorado Rule 23 Class is made up of all persons who work or worked for Defendant as Representatives and any other employees performing the same or similar duties for Defendant, within Colorado, at any time from three years prior to the filing of this Complaint to the final disposition of this case.

16.     Plaintiff seeks relief on behalf of the FLSA Collective and Rule 23 Class in the form of all unpaid overtime wages owed, plus liquidated damages, penalties, interest, attorneys' fees, and costs.

## II.     THE PARTIES

17.     Individual and Representative Plaintiff MARGARET JENKS is a resident of El Paso County in Colorado.

18.     Plaintiff was employed by Defendant as a Member Solutions Representative from approximately August 22, 2017 to August 11, 2020.

19.     Plaintiff worked at Defendant's Colorado Springs, CO location.

20.     Plaintiff's hourly rate was approximately $21.83 per hour.

21.     Defendant Ent Credit Union is a corporation organized under the laws of Colorado,

with a principal business office located 7250 Campus Drive, Colorado Springs, CO 80920, United States.

22.     Defendant's registered agent for service of process is Sara Walsh McKinney at 7250 Campus Drive, Colorado Springs, CO 80920.

### III.     JURISDICTION AND VENUE

23.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the FLSA.

24.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

25.     Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b)(1) and (2), because Defendant resides in this district and because a substantial part of the events giving rise to the claims set forth herein occurred in this district.

### IV.     FACTUAL ALLEGATIONS

26.     Defendant was the "employer" of Representatives within the meaning of the FLSA, 29 U.S.C. § 203(d).

27.     Defendant is an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

28.     Defendant is an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

29.     Plaintiff Jenks and other Representatives frequently handled incoming and outgoing calls to Defendant's members who resided outside of Colorado.

30.     Plaintiff Jenks and other Representatives performed their job duties using computers and equipment which had travelled in interstate commerce, including Dell computers and Cisco phone systems.

31.     Representatives' primary duty was handling incoming and outgoing calls to Defendant's members and do not fall within any exemptions to overtime pay under the FLSA or Colorado law.

32.     Throughout Plaintiff's employment with Defendant, Plaintiff and other Representatives regularly worked off-the-clock.

33.     In order to perform their jobs, Plaintiff and other Representatives were required to boot up their computers and log into several computer programs and applications before the start of their scheduled shifts.

34.     In order to perform their jobs, Plaintiff and other Representatives were required to read and respond to e-mails prior to the start of their scheduled shifts the following day.

35.     Since Defendant prohibited Plaintiff and other Representatives from clocking in prior to the start of their scheduled shifts and/or clocking out past the end of their scheduled shifts, Defendant's rule compelled them to perform these pre-shift and post-shift activities while off-the-clock.

36.     During the course of the workday, Plaintiff and other Representatives took an unpaid sixty (60) minute lunch, during which they were required to log out of their computers and log back in but were not paid for such mid-shift login/logout time.

37.     The time Plaintiff and other Representatives spent booting up their computers, logging in and out of their computers, systems, programs, and applications, and reading and

responding to e-mails benefited Defendant and was essential to their responsibilities as Representatives.

38.     Because Plaintiff and other Representatives typically worked at least 40 hours in a workweek, they were not paid for time spent working in excess of 40 hours in a workweek, in violation of the FLSA.

39.     Plaintiff Jenks' work schedule typically consisted of 5 shifts per week, each lasting approximately 9 hours, including an hour unpaid meal period.

40.     Plaintiff Jenks regularly worked in excess of forty (40) hours in a workweek and was not paid for all hours worked in such weeks as a result of the violations alleged herein, including approximately 20-30 minutes per week for the pre-shift computer start-up/log-in process.

41.     For example, Plaintiff Jenks worked in excess of forty (40 hours in the workweeks of Monday, March 16, 2019 to Friday, March 20, 2020 and Monday, May 18, 2020 to Friday, May 22, 2020, but was not paid for all hours worked as a result of the violations alleged herein.

42.     As a non-exempt employee, Plaintiff and other Representatives were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

43.     At all relevant times, Defendant was Plaintiff's "employer" and Defendant directed and directly benefited from the pre-shift, mid-shift, and post-shift work performed by Plaintiff and other Representatives.

44.     At all relevant times, Defendant controlled Plaintiff's and all other Representatives' work schedule, duties, protocols, applications, assignments, and employment conditions.

45.     Defendant knew or should have known that the time Plaintiff and other

Representatives spent in connection with the pre-shift start-up/log-in process, the mid-shift time spent on logging in and out of the computer during the unpaid lunch break, and the post-shift time spent closing/shutting down computer programs and systems, as well as time spent reading and responding to e-mails, is compensable under the FLSA.

46.     At all relevant times, Defendant was able to track the amount of time that Plaintiff and other Representatives spent in connection with the pre-shift, mid-shift, and post-shift activities; however, Defendant failed to document, track, or pay them for such work.

47.     At all relevant times, Defendant's policies and practices deprived Plaintiff and other Representatives of wages owed for the pre-shift, mid-shift, and post-shift activities Plaintiff and the other Representatives performed. Because Plaintiff and the other Representatives typically worked 40 hours or more in a workweek, Defendant's policies and practices also deprived Plaintiff and the other Representatives of overtime pay at a rate of 1.5 times their regular rate of pay, as required under the FLSA.

48.     Defendant was aware, or should have been aware, that Representatives were regularly working in excess of forty (40) hours in a workweek.

49.     Defendant willfully failed to pay Representatives overtime pay for hours worked in excess of forty (40) in a workweek at a rate not less than time-and-a-half (1.5) of their regular rate of pay.

## V.     COLLECTIVE ACTION ALLEGATIONS

50.     Plaintiff Jenks brings this action on behalf of herself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b) (the "FLSA Collective"):

> All persons who work or worked for Defendant as Representatives
> and any other employees performing the same or similar duties for

Defendant, within the United States, at any time from three years prior to the filing of this Complaint to the final disposition of this case.

51.     The primary job duties of Plaintiff and members of the FLSA Collective was handling incoming and outgoing calls to Defendant's members.

52.     With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The Collective of employees on behalf of whom Plaintiff bring this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practice, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

53.     The employment relationships between Defendant and every Collective member are the same and differ only in name, location, and rate of pay. The key issues – the amount of uncompensated pre-shift, mid-shift, and post-shift time owed to each employee – do not vary substantially from Collective member to Collective member.

54.     The key legal issues are also the same for every Collective member, to wit: uncompensated pre-shift, mid-shift, and post-shift time is compensable under the FLSA.

55.     Plaintiff estimate that the Collective, including both current and former employees over the relevant period, will include hundreds of members. The precise number of Collective members should be readily available from a review of Defendant's personnel and payroll records.

56.     Defendant failed to pay Plaintiff and members of the FLSA Collective for all hours worked, including overtime pay for hours worked in excess of forty (40) in a workweek at a rate not less than time-and-a-half (1.5) of their regular rate of pay.

57.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Jenks and the FLSA Collective.

58.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff Jenks and the FLSA Collective, and as such, notice should be sent to the members of the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## VI.     COLORADO CLASS ACTION ALLEGATIONS

59.     Plaintiff Jenks alleges and incorporates by reference the allegations in the preceding paragraphs.

60.     Plaintiff Jenks brings all claims alleged herein under Colorado law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") on behalf of all members of the Colorado Rule 23 Class:

> All persons who work or worked for Defendant as Representatives and any other employees performing the same or similar duties for Defendant, within Colorado, at any time from three years prior to the filing of this Complaint to the final disposition of this case.

61.     Numerosity: The Proposed Colorado Rule 23 Class is so numerous that joinder of all members is impracticable. Plaintiff Jenks is informed and believes, and on that basis alleges, that during the relevant time period, Defendant employed over forty (40) Representatives in Colorado who satisfy the definition of the Colorado Rule 23 Class. The names and addresses of the Colorado Rule 23 Class Members are available to the Defendant. Notice can be provided to

Colorado Rule 23 Class members via first-class mail and/or e-mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

62.     Typicality: Plaintiff Jenks' claims are typical of the Colorado Rule 23 Class Members. Plaintiff Jenks, like other Colorado Rule 23 Class Members, was subjected to Defendant's common, unlawful policies, practices, and procedures. Plaintiffs' claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay overtime compensation. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

63.     Defendant's common course of unlawful conduct has caused Plaintiff Jenks and similarly situated Colorado Rule 23 Class Members, to sustain the same or similar injuries and damages caused by the same practices of Defendant including not receiving overtime compensation. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Colorado Rule 23 Class Members.

64.     Adequacy: Plaintiff Jenks is a member of the Colorado Rule 23 Class, does not have any conflicts of interest with other Colorado Rule 23 Class Members, and will prosecute the case vigorously on behalf of the Colorado Rule 23 Class. Plaintiff Jenks will fairly and adequately protect the interests of the Colorado Rule 23 Class Members. Plaintiff Jenks has retained counsel competent and experienced in complex class actions, and federal and Colorado wage and hour litigation.

65.     Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual Plaintiff lacks the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants, and fear of retaliation and blackballing in their industry. Prosecuting dozens of identical individual lawsuits statewide does not promote judicial efficiency, equity, or consistency in judicial results.

66.     Commonality for the Class: There are questions of law and fact common to Plaintiff Jenks and the Colorado Rule 23 Class Members that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, without limitation:

(a)     Whether Defendant maintained a policy or practice of failing to pay its employees for compensable pre-shift, post-shift, and/or mid-shift work;

(b)     Whether Defendant has employed Colorado Rule 23 Class Members in a position subject to, and not exempt from, Colorado overtime pay requirements;

(c)     Whether Defendant knew or should have known that its Colorado Rule 23 Class Members regularly worked over forty hours per week;

(d)     Whether Defendant failed to pay its Colorado Rule 23 Class Members overtime wages for time worked in excess of forty hours per week;

(e)     Whether Defendant has violated Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4) by their failure to pay Colorado Rule 23 Class Members overtime compensation;

(f)     Whether Defendant's actions were willful;

(g)     The proper formula for calculating damages owed to Plaintiff Jenks and the Colorado Rule 23 Class alleged herein.

67.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

68.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Colorado Rule 23 Class predominate over any questions affecting only individual members of the Proposed Colorado Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Proposed Colorado Rule 23 Class members the overtime pay to which they are entitled. The damages suffered by the individual Proposed Colorado Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation especially in light of the overtime wage claims asserted on behalf of the Proposed Colorado Rule 23 Class. Proposed Colorado Rule 23 Class members fear workplace retaliation and being "blackballed" from obtaining future employment. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

69.     Plaintiff intends to send notice to all members of the Proposed Colorado Rule 23 Class to the extent required by Rule 23. The names, e-mail addresses, and mailing addresses of the

members of the Proposed Colorado Rule 23 Class are available from Defendant.

## COUNT I

**(Brought Individually and as a Collective Action Pursuant to 29 U.S.C. § 216(b))
Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**

### FAILURE TO PAY WAGES FOR ALL OVERTIME HOURS WORKED

70.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

71.    29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which she is employed.

72.    Plaintiff and the FLSA Collective members regularly worked more than forty (40) hours per workweek.

73.    Defendant failed to properly pay Plaintiff and the FLSA Collective members overtime wages at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

74.    Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

75.    Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

76.    As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA Collective members were illegally deprived of overtime wages

earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT II

**(Brought Individually and as a Class Action Pursuant to Fed. R. Civ. P. 23)**
**Violations of Colorado Minimum Wage Order**
**Number 35, 7 Colo. Code Regs. § 1103-1(4)**

### FAILURE TO PAY WAGES FOR ALL OVERTIME HOURS WORKED

77.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

78.     Plaintiff and the Rule 23 Class members regularly worked more than forty (40) hours per workweek.

79.     Defendant failed to properly pay Plaintiff and the Rule 23 Class members overtime wages at a rate of not less than one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

80.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

81.     Because Defendant willfully violated the Colorado Minimum Wage Order, a three (3) year statute of limitations shall apply to such violations.

82.     As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 Class members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

## COUNT III

**(Brought Individually and as a Class Action Pursuant to Fed. R. Civ. P. 23)**
**Violations of Colorado Wage Claim Act, Colo. Rev. Stat. Ann. § 8-4-109**

**FAILURE TO PAY EARNED WAGES**

83.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

84.     The CWCA defines wages as "all amounts for labor or service performed by employees . . . if the labor or service to be paid for is performed personally by the person demanding payment." C.R.S. § 8-4-101(9).

85.     Under the CWCA, if an employee has been terminated, or quits or resigns from employment with unpaid wages remaining due, then that employee may submit a written demand for wages due. Colo. Rev. Stat. § 8-4-109(3)(a).

86.     An employee is entitled to certain statutory penalties under CWCA if the employer does not make a legal tender of such wages in response to the written demand. Id. at § 109(3)(b).

87.     If the employer makes a "a legal tender of the amount that the employer in good faith believes is due," then the employer is exempted from statutory CWCA penalties in most circumstances. Id. at § 109(3)(a.5).

88.     Plaintiff's employment terminated on or around August 11, 2020.

89.     At the time of her termination, Plaintiff was owed unpaid overtime wages as a result of the violations of the FLSA and Colorado Minimum Wage Order alleged herein.

90.     Plaintiff made a written demand for unpaid overtime wages to Defendant on November 3, 2020.

91.     Defendant has not made a legal tender of the unpaid overtime wages claimed in Plaintiff's written demand.

92.     As a result of Defendant's violations of the CWCA, Plaintiff and the Rule Class are

entitled to their unpaid overtime wages, as well as civil penalties, reasonable attorneys' fees, and costs pursuant to Colo. Rev. Stat. § 8-4-109.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jenks, on behalf of herself and the Proposed Class and Collective, request judgment and the following specific relief against Defendant as follows:

(A)     A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B)     A declaratory judgment that Defendant's wage practices alleged herein violate the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4);

(C)     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(D)     Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the Colorado claims set forth herein;

(E)     Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all members of the FLSA Collective and Colorado Rule 23 Class;

(F)     Authorizing Plaintiff's counsel to send notice(s) of this action to all members of the FLSA Collective and Colorado Rule 23 Class, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(G)     Designating Plaintiff as the representative of the FLSA Collective and Colorado Rule 23 Class in this action;

(H)     Designating the undersigned counsel as counsel for the FLSA Collective and Colorado Rule 23 Class in this action;

(I)     Judgment for damages for all unpaid overtime compensation and liquidated damages to which Plaintiff and the members of the FLSA Collective are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(J)     Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiff and the members of Colorado Rule 23 Class are lawfully entitled under the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

(K)     An incentive award for the Plaintiff for serving as representative of the FLSA Collective and Colorado Rule 23 Class in this action;

(L)     Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA and Colo. Rev. Stat. § 8-6-118; and

(M)     Judgment for any and all civil penalties to which Plaintiff and the members of the FLSA Collective and Colorado Rule 23 Class may be entitled; and

(N)     Such other and further relief as to this Court may deem necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, MARGARET JENKS, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the

above-entitled cause.

RESPECTFULLY SUBMITTED,


By:   /s/ Lotus Cannon
Lotus Cannon
Nicholas Conlon
Jason T. Brown

BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
lotus.cannon@jtblawgroup.com
nicholasconlon@jtblawgroup.com
jtb@jtblawgroup.com

*Attorneys for Plaintiff and the
Putative Collective and Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day February, 2021 a copy of the foregoing was filed by use of the Court's electronic filing system. Parties may access this document through the Court's electronic filing system.

*/s/ Lotus Cannon*
Lotus Cannon
Attorney for Plaintiff
